IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON, <br><br> Petitioner, <br><br> vs. <br><br> DAVID PENTLAND, et. al., <br><br> Respondents. | CV 16-27-H-DLC-JTJ <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On March 30, 2016, Mr. Poulson filed a document titled "Writ of Quo Warranto: Motion to Add 'Ad Testificatum' to Support Habeas § 2254 Alleging Retaliation by Prison Officials for Engaging in a Protected Action, Violating § 2254 H.C. the 1st Amendment." (Doc. 1.) The Court construes this document as a writ for a petition of habeas corpus under 28 U.S.C. § 2254. Poulson also filed a Motion for Leave to Proceed in Forma Pauperis. (Doc. 2.) Poulson is a state prisoner proceeding pro se.

**I.     Motion to Proceed In Forma Pauperis**

Mr. Poulson has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Claims

Mr. Poulson alleges that he was unlawfully removed from his chemical dependency and anger management treatment groups at the Montana State Prison following a "false disciplinary write-up." (Doc. 1 at 1.) Apparently, Poulson was removed after he called an institution official "racist, stereotypical, and ignorant" for not allowing a fellow inmate, D. Joseph Chyatte, to freely practice Judaism in the high security area of the prison. *Id.* Poulson claims other prison officials engaged in similar discriminatory conduct. *Id.* at 1-2. Poulson asks this Court to grant him injunctive relief and order that (1) he be moved to the low security area of the prison and (2) Respondents be made to understand that retaliation and discrimination stemming from the engagement in free speech is improper. *Id.* at 2. Poulson also asks that each individual he names be fined $50,000. *Id.*

## III. Analysis

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Section 2254(a)'s "in custody" requirement is jurisdictional and is the first question a court must consider. *Bailey v. Hill,* 599 F.3d 976, 978 (9th Cir. 2010) (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998)). The

provision explicitly requires a nexus between a petitioner's claim and the unlawful nature of the custody. *Dickerson v. United States*, 530 U.S. 428, 439 n.3 (2000). To the extent Poulson attempts to raise a habeas claim, he has not established that the claimed violation is related to his purported unlawful custody. Thus, as the claim is currently pleaded, Poulson has not met this jurisdictional requirement.

Moreover, before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In addition, under the rule of *Younger v. Harris*, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45.

Instead, a person held in custody under the authority of a state must use the procedures the state makes available to challenge his custody. After Poulson completes that process, including presenting his claim to the Montana Supreme Court and completing any collateral proceedings, he may file in federal court. At that point, this Court would be able to review the merits of Poulson's claim only to determine if the state court's decision was objectively unreasonable. *See* 28 U.S.C. § 2254(d)(1). The claim contained in Poulson's petition should be dismissed for failure to exhaust state judicial remedies.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. The Court should issue a certificate of appealability as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Poulson has not established unlawful custody in relation to the claim he raises, nor has he presented his claim to the state court. There is no basis to encourage further proceedings at this time.

Based on the foregoing, the undersigned enters the following:

**ORDER**

Poulson's motion to proceed in forma pauperis (Doc. 2) is GRANTED.

**RECOMMENDATIONS**

1. Poulson's petition (Doc. 1) should be DISMISSED for lack of jurisdiction and failure to exhaust state judicial remedies.

4

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Poulson may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Poulson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of May, 2016.

<u>/s/ John Johnston</u>
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.